IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAULA PUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-380-C |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE; FARM SERVICE | ) | |
| AGENCY OF THE USDA, and | ) | |
| GREGORY DIEPHOUSE, DEPUTY | ) | |
| ADMINISTRATOR FOR FIELD | ) | |
| OPERATIONS, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action following her termination from employment with Defendant Farm Service Agency. Plaintiff had been employed by the Farm Service Agency for nearly 30 years before her discharge in 2013. After her discharge, Plaintiff appealed her termination through the administrative channels of the Farm Service Agency and USDA. As part of the appeal, a hearing examiner was appointed and conducted a hearing where witness testimony and exhibits were offered into evidence. Following the hearing, the hearing officer issued a recommendation that Plaintiff's termination be overturned and instead she be disciplined with a 30-day suspension. That decision was submitted to the USDA for final review, where Defendant Diephouse issued a determination which reversed the hearing officer and upheld Plaintiff's termination. Plaintiff then filed this action, asserting that her constitutional rights were violated because she had a property interest in her continued employment. She also seeks a declaratory judgment that Defendant Diephouse's actions

violated her constitutional rights and pursues relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq.

Defendants have filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Therein, Defendants argue Plaintiff's first two causes of actions, namely deprivation of constitutional rights and declaratory judgment, should be dismissed. Defendants argue that Plaintiff's due process claim should be dismissed because she does not have a property interest in her position with the Farm Service Agency and, even in the event that she had some property interest, it is clear from the allegations in Plaintiff's Complaint that she was afforded appropriate process. Defendants argue the declaratory judgment claim should fail for the same reasons and Plaintiff's claim should proceed solely upon her claims falling under the APA.

In response, Plaintiff argues that she did have a property interest in her continued employment because the terms of her employment specified she could be terminated only for certain reasons. Additionally, Plaintiff clarifies that the basis of her due process claim is not a failure to provide process, but that the actions of Defendant Diephouse were arbitrary and capricious and thus amount to a substantive due process violation.

It is somewhat unclear the precise nature of the constitutional violation that Plaintiff alleges. As noted above, her Complaint clearly makes a claim for a procedural due process violation, while she argues in her response to the Motion to Dismiss that she is pursuing a substantive due process claim. Regardless, as will be demonstrated below, Plaintiff cannot proceed on a due process claim.

To the extent Plaintiff seeks to pursue a procedural due process claim, her claim fails as the fact sets forth in her Complaint demonstrate she received adequate process. "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." Riggins v. Goodman, 572 F.3d 1101, 1108 (10th Cir. 2009) (internal quotation marks and citation omitted). The parties are in dispute over whether Plaintiff possessed a property interest in her continued employment. However, because Plaintiff's claim clearly fails at the second step, the Court will assume, without deciding, that she possessed the requisite interest. The Supreme Court made clear in Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), that the amount of process due does not require an elaborate or formal hearing. "In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." Id. at 541. The Tenth Circuit has set forth the elements required for the hearing: "For government employees, such a hearing requires: (1) 'oral or written notice [to the employee] of the charges against him'; (2) 'an explanation of the employer's evidence'; and (3) 'an opportunity [for the employee] to present his side of the story.'" Riggins, 572 at 1108, quoting Montgomery v. City of Ardmore, 365 F.3d 926, 936 (10th Cir. 2004). Here, the allegations of Plaintiff's Complaint clearly establish that the hearing satisfied these elements. To the extent she challenges the ultimate decision of termination by Defendant Diephouse, it is clear from Plaintiff's allegations that all of the evidentiary materials presented to the hearing officer were also

3

provided to Defendant Diephouse. Indeed, Defendant Diephouse's finding (which Plaintiff attached to her Complaint) outlines the evidence presented to the hearing officer and considered by him and his reasons for disagreeing with the hearing officer's recommendation. Therefore, it is clear Plaintiff had an adequate opportunity to present argument and evidence in her favor. That Defendant Diephouse rejected those arguments and ruled against her does not establish that Plaintiff's procedural due process rights were violated.

In order to state a substantive due process claim, Plaintiff must plead facts demonstrating the actions of Defendant Diephouse were extreme and shock the conscience of the Court. See Camuglia v. City of Albuquerque, 448 F.3d 1214, 1222 (10th Cir. 2006). Plaintiff must demonstrate that Defendant Diephouse's conduct was outrageous and must show more than that the government actor intentionally or recklessly caused her injury by abusing or misusing power. Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006). Once again, the allegations in Plaintiff's Complaint fail to offer a basis to support a substantive due process claim. The allegations in Plaintiff's Complaint and the attached exhibit demonstrate, at most, that Defendant Diephouse rendered a decision contrary to the recommendation of the hearing officer. As noted above, Defendant Diephouse explained the basis for his reasoning and why he disagreed with the recommendation of the hearing officer. Such conduct is neither conscience-shocking nor arbitrary and capricious.

Plaintiff's due process claims fail for another reason. As Defendants note in their Reply, Plaintiff argues in her Response brief that she is pursuing the constitutional claims as

a method to recover monetary damages.* Defendants argue that Plaintiff cannot recover monetary damages as she has failed to offer any basis to establish a waiver of Defendants' sovereign immunity. The Court finds this argument well founded.

> Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit. Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002). The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable. Robbins v. U.S. Bureau of Land Mgmt., 438 F.3d 1074, 1080 (10th Cir. 2006). Because general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction.

Normandy Apartments, Ltd. v. U.S. Dep't of Housing and Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009). Because Plaintiff has failed to offer any argument to counter Defendants' reliance on sovereign immunity, her attempt to recover monetary damages must fail.

For these reasons, whether brought as a procedural or substantive claim, Plaintiff's due process allegation fails. Because it is clear that any attempt to amend her constitutional claim would be futile, the dismissal will be with prejudice. Also, the dismissal of Plaintiff's constitutional right claims requires dismissal of her declaratory judgment claim. Plaintiff's Complaint makes clear that the declaratory judgment sought is simply a statement or declaration that her constitutional rights were violated. Because Plaintiff has failed to state

---

* As Defendants note, they raise this issue for the first time in their Reply brief. However, Plaintiff has not offered any indication she wishes to respond to these arguments. The Court will consider the issue.

a claim for relief on her constitutional right claims, her declaratory judgment claim fails. Plaintiff's Complaint will proceed solely under the APA.

For the reasons set forth herein, Defendants' Partial Motion to Dismiss (Dkt. No. 5) is GRANTED. Plaintiff's constitutional violation and declaratory judgment claims are dismissed with prejudice. A judgment will enter at the conclusion of the case.

IT IS SO ORDERED this 2nd day of July, 2015.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge