**USDA**
United States Department of Agriculture

Farm and
Foreign
Agricultural
Services

Farm
Service
Agency

Deputy
Administrator for
Field Operations

1400 Independence
Ave, S.W. 3092-S
Mail Stop 0539
Washington, DC
20250-0539

Voice: 202-690-2807
Fax:   202-690-3309

MAR 10 2015

Mr. Daniel J. Gamino
Daniel J. Gamino and Associates, P.C.
Jamestown Office Park, North Building
3035 NW 63rd Street, Suite 214
Oklahoma City, OK 73116

Dear Mr. Gamino:

This is in further reference to the appeal of your client, Paula Puckett, who was removed from her position as a Program Technician (PT) in the Jackson County Oklahoma Farm Service Agency (FSA) Office on May 1, 2013, by the Jackson County FSA Committee (COC). Ms. Puckett appealed her removal to the Oklahoma State FSA Committee, which affirmed the decision of the COC.

Ms. Puckett filed a timely appeal with the Deputy Administrator for Field Operations (DAFO) and requested a hearing in the matter of her removal. I appointed Ms. Amy Webbink, Administrative Officer, Montana State FSA Office, as the hearing officer, and a hearing was held by video teleconference on March 24, 2014. You served as Ms. Puckett's counsel at the latter proceeding. On July 17, 2014, Ms. Webbink issued to DAFO a Memorandum of Findings and Analysis. In a letter of August 14, 2014, John W. Chott, Jr., Assistant to DAFO, forwarded this memorandum to you and the Agency Representative, Patricia McNamee. Mr. Chott indicated my desire that both of you attempt resolution before I made my decision. I have been informed that negotiations reached an impasse. I have, therefore, carefully reviewed the entire record in this matter including Ms. Webbink's memorandum and recommendation, which I may accept, reject or modify.

The record shows that the reason (charge) for Ms. Puckett's removal from her PT position was excessive, repeated tardiness. 22 specifications (instances) of tardiness were cited in the proposal to remove. The Jackson COC sustained all 22 specifications after hearing Ms. Puckett's oral reply, and you represented her at that proceeding. The record also shows that the COC reviewed the Douglas factors and determined that removal was the appropriate penalty. The Oklahoma STC later heard Ms. Puckett's appeal of the COC decision, and you also represented her before that body. The STC affirmed the decision of the COC.

In cases of misconduct of FSA county office employees, who do not have appeal rights to the Merit Systems Protection Board (MSPB), the Agency applies the MSPB burdens of proof.

Mr. Daniel J. Gamino
Page 2

The Agency must prove by a preponderance of evidence (more likely than not) that the charged offenses occurred, and the Agency must show a nexus between the conduct and the efficiency of the service. Finally, the Agency must demonstrate that the penalty (removal) was reasonable.

Ms. Webbink's found that the Agency proved the charge of excessive and repeated tardiness by a preponderance of the evidence, sustaining 21 of 22 specifications. Likewise, she found that the Agency showed a nexus between the sustained charge and the efficiency of the service and, further, that Ms. Puckett was not able to prove any affirmative defenses, including discrimination, harassment and undue pressure in the office.

However, Ms. Webbink found that the Agency did not meet its burden with regard to the penalty of removal. I disagree. The Douglas factors clearly support the penalty of removal.

Management has the right to rely on the timely arrival of employees at the workplace. This is especially true in the front-facing environment of an FSA county office, where farmers and other producers are served at counter, often arriving just after the office opens. This contact with the farming public was the primary task of the appellant—to explain and process farm program applications and other matters for FSA's agricultural customers.

Further, the Agency could not have been clearer with regard to appellant's time and attendance violations. As the recipient of progressive discipline, the appellant was on notice that her conduct was not acceptable. Appellant was suspended in August 2012, for five days for discourteous conduct and absence without leave. Four months later, in December 2012, appellant was again suspended, this time for fourteen days. The suspension was based on 22 specifications of excessive tardiness. Indeed, appellant showed a callous disregard for Agency time and attendance rules, and was charged in the instant matter only three months after serving her prior fourteen day suspension. The record shows the appellant's attitude. She lashed out at her supervisor in a counseling session in the matter of her time and attendance, yelling at him and using the foulest of profanity. Coupled with appellant's disciplinary record, her attitude toward her situation militates against any hope that she would change her behavior. In these circumstances, Alternative sanctions would not be effective in deterring her conduct.

I find that the Agency has met its burden with regard to the penalty of removal, and I am not accepting the recommendation of the hearing officer that this penalty be reversed and replaced with a 30 day suspension.

Therefore, the Agency, having met all relevant burdens of proof, I am sustaining the decision to remove appellant.

Mr. Daniel J. Gamino
Page Three

However, I take note that appellant has considerable years of service with the Agency, and I am directing the Agency to work with appellant and/or her counsel to provide a possible opportunity for her to retire.

This is the final administrative decision in the matter of appellant's removal.

Sincerely,

Gregory A. Diephouse
Deputy Administrator for Field Operations

cc:     Patricia McNamee