IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAULA PUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-380-C |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE; FARM SERVICE | ) | |
| AGENCY OF THE USDA, and | ) | |
| GREGORY DIEPHOUSE, DEPUTY | ) | |
| ADMINISTRATOR FOR FIELD | ) | |
| OPERATIONS, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Beginning in 1983, Plaintiff was employed by Defendant Farm Service Agency ("FSA") working in the Jackson County, Oklahoma, office. In January of 2012, Mr. Josefy became Plaintiff's supervisor. Upon his arrival as a supervisor at the local office, Mr. Josefy determined that the most efficient work schedule for all employees was to be from 7:00 a.m. to 4:30 p.m. Previously, the employees had operated under a flexible work schedule, with employees arriving at different times. Also prior to Mr. Josefy's arrival, the employees were allowed to take advantage of what was referred to as "glide time" whereby if an employee arrived within minutes of their scheduled start time, they simply made up those minutes at the end of their work day. Mr. Josefy eliminated the concept of glide time. Plaintiff did not react favorably to Mr. Josefy's new work hours, his requirement that employees arrive on time, or elimination of the idea of glide time and that is the genesis of this action.

The following facts are undisputed:*

On March 27, 2012, Mr. Josefy provided Plaintiff with a counseling memorandum regarding her tardiness. Prior to this time, Mr. Josefy had discussed the issue with Plaintiff on several occasions, reinforcing the fact that her work day started at 7:00 a.m. Plaintiff did not react well to the memorandum and accused Mr. Josefy of nitpicking. On April 24, Mr. Josefy discussed Plaintiff's time sheet with her. Mr. Josefy informed Plaintiff that because she was 10 minutes late, she needed to record that as lost time. Plaintiff reacted loudly in front of other employees, eventually engaging in a shouting match with Mr. Josefy. On July 2, 2012, Mr. Josefy gave Plaintiff a letter of reprimand for the above referenced discourteous actions and her continued tardiness. That memorandum specified 23 occasions of tardiness, from March 30 to June 27, 2012. The letter did not have the desired effect, and on July 25, 2012, Plaintiff did not arrive for work until 7:15. When Mr. Josefy called Plaintiff into his office to discuss the issue, Plaintiff responded with obscenities directed at Mr. Josefy. On July 31, 2012, Plaintiff was suspended five days without pay based on her outburst on July 25. Plaintiff responded to this reprimand with additional obscenities directed at Mr. Josefy. On November 1, 2012, Plaintiff was given notice of proposed disciplinary action of a 14-day suspension based on repeated tardiness exceeding 20 instances, all accruing after her five-day suspension. Despite these measures, Plaintiff continued to arrive for work after 7:00 a.m.

---

* The Court notes that Plaintiff purportedly "disputes" some of these facts. However, her disputes either focus on details insignificant to the issue or lack any evidentiary support. Each of these facts are well supported by Defendants' documentary evidence.

On March 29, 2013 Mr. Josefy, along with the district director, gave notice to Plaintiff of a proposed removal from her position. The reason given for the removal was repeated tardiness, giving 22 specific dates on which Plaintiff was tardy. Plaintiff was placed on administrative leave pending a final decision.

On April 12, 2013, Plaintiff filed an appeal of the proposed removal. That appeal worked its way through the process, ultimately resulting in a hearing in front of Ms. Webbink. Ms. Webbink found no evidence to contradict the 20 specifications related to Plaintiff's arrival at work after 7:00 a.m. and, in fact, found the agency had met its burden of proof with respect to 21 of the 22 specifications outlined by Mr. Josefy. However, Ms. Webbink concluded that termination was an inappropriate penalty and instead recommended a 30-day suspension without pay.

Ms. Webbink's recommendation was submitted to the Deputy Administrator for Field Operations, Gregory Diephouse. Mr. Diephouse declined to adopt Ms. Webbink's recommendation and instead concluded that Plaintiff had shown "callous disregard for Agency time and attendance rules, and was charged in this instant matter only three months after serving her prior fourteen day suspension." (Agency Record 169, Dkt. No. 17-4 at 2 (emphasis omitted).) Mr. Diephouse also noted Plaintiff's reaction any time her supervisor approached her regarding her conduct. Ultimately Mr. Diephouse determined that the proper resolution was termination of Plaintiff's employment.

The parties have now filed cross-Motions for Summary Judgment, each arguing the undisputed material facts entitle them to judgment. On her behalf, Plaintiff argues that the

appropriate action by the Court is to reject Mr. Diephouse's finding and reinstate Ms. Webbink's recommendation of a 30-day suspension as the appropriate punishment. For their part, Defendants request the Court to find that Mr. Diephouse's decison was not arbitrary and capricious and uphold Plaintiff's termination.

The parties are in agreement that the Court's review of Mr. Diephouse's decision falls under the guidelines outlined in the Administration Procedures Act ("APA"), 5 U.S.C. §§ 701, et seq. Under that review, the Court may set aside the Agency's action only if it finds it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under this standard, the Court is not empowered to substitute its own judgment for that of the Agency, even if the Court may have reached a different conclusion in reaching the underlying decision. Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). "'A presumption of validity attaches to the agency action and the burden of proof rests with the [parties] who challenge such action.'" Morris v. U.S. Nuclear Regulatory Comm'n, 598 F.3d 677, 691 (10th Cir. 2010) (citation omitted). An action is arbitrary and capricious if the agency "'(1) entirely failed to consider an important aspect of the problem, (2) offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise, (3) failed to base its decision on consideration of the relevant factors, or (4) made a clear error of judgment.'" Hillsdale Envtl. Loss Prevention, Inc. v. U.S. Army Corps of Eng'rs, 702 F.3d 1156, 1165 (10th Cir.

2012) (citation omitted). With these standards in mind, the Court will consider the arguments provided by the parties.

Plaintiff argues that many of the tardy occurrences should not count against her as she arrived at work by 7:07 a.m. To support her position Plaintiff, argues for the existence of the so called "seven minute rule." Plaintiff's reliance on this "rule" is misplaced. It is apparent from the evidence before the Court that to the extent any such rule existed, it functioned as a leave accounting mechanism, rather than a time of arrival mechanism. That is, if an employee arrived at work not later than 7:07 a.m., that employee was not required to take leave for the seven minutes. Whereas if the employee arrived at 7:08, they would be required to use 15 minutes of leave.

Plaintiff's arguments regarding the "seven minute rule" misapply the appropriate level of review by attempting to substitute her version of the facts for the reasons underlying the agency decision. It is unquestionably clear from Mr. Josefy's many notes to Plaintiff, as well as the evidentiary record provided to the Agency, that Plaintiff had been made fully aware that she was expected to arrive for work no later than 7:00 a.m. and that any period of time after that would be considered a tardy and would subject her to disciplinary action. Plaintiff does not dispute her knowledge in this regard and indeed the written records provided by Defendants establish without doubt that Plaintiff was tardy on multiple occasions even after being warned by Mr. Josefy of the consequences for tardiness. Thus, the Court finds the determination that Plaintiff acted with "callous disregard for Agency time and attendance rules" was not arbitrary and capricious.

5

Based on a review of the evidence presented to Mr. Diephouse, the Court cannot say his decision to terminate Plaintiff's employment resulted from entirely failing to consider an important aspect of the problem, was based on an explanation that ran counter to the evidence presented to him, was not based on consideration of the relevant factors, or was a clear error of judgment. To the contrary, Mr. Diephouse was provided with substantial evidence supporting the fact that Plaintiff was tardy on multiple occasions after being warned of her potential termination for those actions. Indeed, the evidence presented to Mr. Diephouse and this Court reflect that even after serving two suspensions, Plaintiff continued to frequently be tardy.

Plaintiff argues that even eliminating the seven minute rule Defendants have failed to account for her disparate treatment, the office harassment of Plaintiff, and the reasons for Plaintiff's occasional tardy arrival. Even accepting Plaintiff's argument that there was disparate treatment and/or harassment, those factors simply do not play a role in the Court's review. The issue is whether or not there is evidence to support the Agency decision. That Plaintiff or this Court may have reached a different decision is immaterial. For the reasons set forth herein, Defendants' decision is well supported and therefore cannot be said to be arbitrary and/or capricious.

Plaintiff's final arguments in response to her Motion for Summary Judgment urge the Court to set aside the decision in favor of the hearing officer's recommendation and the 30-day suspension. Plaintiff bases her argument on case law which suggests that deference should be given to the trier of fact. While this may hold true for appellate review of a jury

trial, Plaintiff offers no legal authority suggesting those standards apply in this instance. Indeed, it appears that the standard would be to the contrary, as the Supreme Court has stated, "[e]vidence is substantial in the APA sense if it is 'enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion to be drawn is one of fact.'" Olenhouse, at 1575 (citations omitted). That is, before the Court could reach a conclusion contrary to that reached by the hearing officer, there must be such evidence presented by Plaintiff that the Court would be compelled to direct a verdict in favor of Plaintiff. Plaintiff has failed to provide any evidence to satisfy this standard. Further, the conclusions reached by Ms. Webbink were adopted in total by Mr. Diephouse as the final decisionmaker, with the exception of the recommended disposition of the case. Whether a 30-day suspension or termination was the proper result for Plaintiff's transgressions is unquestionably a matter of discretion and not within the scope of the Court's authority on review under the APA.

Finally, to the extent Plaintiff relies on Bryant v. National Science Foundation, 105 F.3d 1414 (Fed. Cir. 1997), to argue that Defendants reached an improper conclusion, her arguments are without merit. As Defendants aptly explain in their response brief, Bryant provides strong support for both the Agency decision here and the Court's determination to uphold that decision.

## CONCLUSION

Based upon its review of the evidence presented in the underlying Agency proceeding and that presented in the parties' cross-Motions for Summary Judgment, the Court finds that Plaintiff has not and cannot show that Defendants' decision to terminate her was arbitrary

7

and capricious. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 17) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. No. 16) is DENIED. A separate Judgment will issue.

    IT IS SO ORDERED this 12th day of May, 2016.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge